# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBRA ACREE, as independent administrator of the estate of William Acree, Jr., deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WATSON PHARMACEUTICALS, INC., )<br>WATSON LABORATORIES, INC. (Nevada), )<br>WATSON LABORATORIES, INC. )<br>(Delaware), and WATSON PHARMA, INC., )<br>)<br>Defendants. ) | Case No. 10 C 7812 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Debra Acree filed this case in state court in November 2010, and defendants, various entities that the Court will refer to collectively as Watson, removed it to federal court in December 2010.

At the initial status hearing in January 2011, counsel advised that there were a good many similar cases around the country, involving the same lawyers on both sides. The Court inquired whether multidistrict consolidation was contemplated (the Court at no time proposed or suggested this, contrary to the suggestion made by plaintiffs). Counsel responded in the negative but said they had an agreement to conduct and share common discovery across cases.

At the initial status hearing, Watson's counsel proposed to set a trial date twenty-four months out, and Ms. Acree's counsel requested a shorter date. The Court set a deadline for completing fact discovery and directed counsel to confer to attempt to agree upon a schedule. Counsel did so, and in March 2011, the Court set a comprehensive fact discovery, expert disclosure, and expert discovery schedule. The schedule that the parties proposed and the Court entered provided that Ms. Acree was to make expert disclosures by December 16, 2011 and Watson was to do so by February 17, 2012; expert discovery was to be completed by June 22, 2012; and additional fact discovery (a term with a specified and agreed-upon definition) was to be completed by July 27, 2012.

During 2011 and early 2012, the Court conducted numerous status hearings and dealt with discovery disputes. In November 2011, the Court set the case for trial in early November 2012. At each and every status conference in the case, both sides' counsel reported that discovery was on track, and at no time did either side suggest a need to adjust the schedule. Indeed, at a status conference held in mid-March 2012, the parties advised that "global" discovery (i.e., discovery common to all cases) had been completed and that expert disclosures had been and were being made as scheduled.

In mid-April 2011 – about midway through the period for taking the depositions of experts – Ms. Acree moved to vacate the discovery schedule and stay proceedings pending ruling by the Judicial Panel on Multidistrict Litigation on a motion filed by her counsel (who also represents plaintiffs in other similar cases) seeking multidistrict pretrial consolidation. The Court discussed the motion with counsel by telephone on

2

April 24, 2012.[1]  Ms. Acree's counsel advised that problems had arisen regarding coordination of the depositions of experts, who had been retained to testify in multiple cases, and that counsel were experiencing difficulty in dealing with scheduling orders in over twenty federal cases.  In particular, Ms. Acree's counsel noted that there were five pending federal cases (including this one) in which experts had to be presented for deposition in the near future.  The Court inquired when counsel anticipated that the JPML would consider the request for consolidation, and counsel advised that the matter would not be heard until late July.  That is over a month after the agreed-upon date for completing expert discovery in this case, and it is approximately the same date as the deadline for completing "additional fact discovery."

The Court has carefully considered the parties' arguments.  At an earlier stage of the litigation, both sides' counsel evidently considered and rejected the idea of multidistrict consolidation.  The attorneys on both sides are skilled and experienced and presumably made that decision only after careful reflection.  In addition, both sides sought a firm trial date; Ms. Acree's counsel sought an earlier trial date than Watson proposed; and the Court accommodated that request.

The Court acknowledges that multidistrict consolidation may well be appropriate, and if the JPML orders consolidation, the Court of course will have no problem putting the case on hold.  But the Court is unpersuaded that discovery in this case, which is virtually complete, should be stayed at this stage.  It is true, of course, that circumstances can change after parties in a case have agreed upon a comprehensive

---

[1] The Court has conducted most of the status conferences in the case by telephone for the convenience of counsel.

schedule for conducting pretrial proceedings. But in this case, the coordination issues that counsel have offered as the justification for vacating the scheduling order were predictable at or near the outset of the litigation. And even after the deadlines for making expert disclosures had passed, counsel for both sides reported (in mid-March 2012) that things were still on track and that there were no problems.

The Court concludes that given the advanced stage of the litigation and the course of proceedings to date, good cause has not been shown to modify the discovery schedule. Expert discovery is to proceed according to the schedule previously set, though the Court extends that deadline by two weeks, to July 6, 2012, to account for the time since the hearing on the present motion that the Court has had it under advisement.

**Conclusion**

For the reasons stated above, the Court denies, without prejudice, plaintiff's motion to vacate the scheduling order and stay all proceedings [docket no. 58]. The case remains set for a telephone status hearing on May 30, 2012 at 9:00 a.m.

s/ Matthew F. Kennelly<br>
MATTHEW F. KENNELLY<br>
United States District Judge

Date: May 5, 2012