IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA ACREE, as independent administrator of the estate of William Acree, Jr., ) ) ) Plaintiff, ) ) vs. ) ) WATSON PHARMACEUTICALS, INC., et al., ) ) Defendants. ) | Case No. 10 C 7812 |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Plaintiff has moved to strike two witnesses on the ground that defendants disclosed them too late and insufficiently. The witnesses are two scientists who reside in Germany, a pathologist (Dr. Sven Anders) and a toxicologist (Dr. Hilke Andresen), who authored an article published in mid-March 2012 discussing fentanyl blood concentrations. Defendants say they want to call the two scientists to testify regarding the study discussed in their article: why it was done, how it was designed, how the subjects were chosen, sampling techniques, data collection and analysis, study results, and the conclusions reached. *See* Pl.'s Mot., Ex. 1 at 5 (defendants' supplemental Rule 26(a)(2) disclosures).

The case is set for trial on November 5, 2012. The Court imposed a January 2012 deadline for Rule 26(a)(2) disclosures, but the parties agreed to move this deadline to March 26, 2012. The deadline at the time for completing depositions of experts was June 22, 2012, though this was later moved to July 6, 2012. These deadlines were and are important because

1

of the need for the parties, as well as the Court, to focus after those dates on briefing and disposition of dispositive motions and trial preparation.

Defendants disclosed certain witnesses in their March 26, 2012 Rule 26(a)(2) disclosures, but they did not identify Drs. Anders or Andresen. Rather, defendants first identified them in supplemental Rule 26(a)(2) disclosures served over two months later, on May 30, 2012. In those disclosures, defendants identified the two scientists and the subjects of their testimony but did not provide written reports pursuant to Rule 26(a)(2)(B). Rather, defendants described the two scientists as "Experts Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2)(C)," *see* Pl.'s Mot. , Ex. 1 at 2, meaning that defendants considered them as witnesses who would be giving expert testimony pursuant to Federal Rules of Evidence 702, 703, or 705 but who were not "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

In later submissions and argument, defendants have advised the Court that Drs. Anders and Andresen will travel voluntarily – though at defendants' expense – to appear at trial, but they will not travel voluntarily to appear for a pretrial deposition. Rather, defendants have argued that if plaintiff wants to depose the two scientists, she will have to attempt to compel their attendance by some form of legal process. Because the scientists are beyond the Court's subpoena power and out of the country, plaintiff is basically out of luck in this regard. There is no basis to believe, and defendants do not contend (let alone attempt to show) that there is any way to compel the two German-resident scientists to appear in Germany or anywhere else for a pretrial deposition at any time reasonably prior to the scheduled trial date.

In response to the motion to strike, defendants take the position that Drs. Anders and Andresen are not expert witnesses. It is a little late for that. Defendants specifically declared, in their supplemental Rule 26(a)(2) disclosures, that the two scientists are experts. They cannot appropriately switch positions now. Setting that aside, it is clear from defendants' supplemental Rule 26(a)(2) disclosures that the witnesses will be giving testimony pursuant to Rules 702, 703, or 705. It may be, as defendants contend, that they will be testifying about certain facts – how the study was done, for example – but the topics defendants have disclosed contemplate that the two scientists will be rendering opinions and conclusions. And defendants do not contend, nor could they, that the two scientists have any information regarding the historical facts at issue in this case or the design of defendants' product that is at issue.

There is a legitimate question regarding whether the two scientists are the types of expert witnesses who are required by Rule 26(a)(2)(B) to provide a written report. This depends in this case on whether they were retained or specially employed to provide their expert testimony. Defendants say they are not paying the experts beyond their travel, lodging, and subsistence expenses and that as a result, they have not "retained" the experts. That may be so, but it does not exclude the possibility that they may be considered to have "specially employed" the two experts to testify. Defendants say they simply called and asked the two scientists to come testify voluntarily and they agreed to do so, but they have provided no documentation or verified information about their discussions or dealings with the scientists. The circumstances are unusual enough to warrant some skepticism regarding defendants' contention that the two scientists do not come within the scope of Rule 26(a)(2)(B). That said,

the Court is not in a position to make a definitive determination on this point, one way or the other, on the current record.

This, however, does not save defendants. One way or another, the two scientists are experts (as defendants themselves said), and the disclosures were late. Defendants did not have authority from the Court or the plaintiff's agreement to make late disclosures.

Because defendants failed to make timely disclosure, they may not use the witnesses unless their failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *see also, e.g., Tribble v. Evangelides*, 670 F.3d 753, 758 (7th Cir. 2012). It was neither. The failure to make timely disclosure is not harmless because it effectively precluded plaintiff from taking the witnesses' depositions or performing other necessary investigation reasonably in advance of trial. Defendants say that the Court authorized the parties to take expert discovery beyond the deadline if both sides agreed, but the Court did not change the deadline or require either side to agree, and plaintiff has declined to agree to an extension. This was reasonable and legitimate, because plaintiff's counsel are and will be fully occupied with other matters relating to this case, including responding to a pending summary judgment motion, preparing a final pretrial order and motions *in limine*, and preparing for trial.

Defendants' unauthorized late disclosure likewise was not substantially justified. Defendants concede that the article in question was publically available on March 18, 2012, before the due date for expert disclosures, see Defs.' Resp. at 2, and they do not contend that they were not promptly aware of it. (They could not credibly do so, given the amount of attention paid by defendants and their national counsel to this and other similar cases and pertinent scientific information about defendants' medical device.) They offer no support for a

4

contention that they could not have disclosed the two scientists by the deadline or, at a minimum, asked for a short extension.

The Court also makes the following observations, though they are not necessary to support its decision to bar the two scientists. It appears the topic of the two scientists' study came up at a deposition of one of the plaintiff's experts. The deposition, of course, was conducted by defense counsel, who thus presumably was the one to bring up the study. Plaintiff's expert apparently criticized the study when asked about it. Defendants offer nothing, however, to support a contention that plaintiff intends to inject the two scientists' study into the trial. Rather, it is likely defendants who will do so – even if they do so only in cross-examining plaintiff's experts. Given these circumstances, it is apparent that defendants are attempting to bootstrap their own desire to introduce the study and its details into a "justification" for their non-compliance with Rule 26(a)(2). Any such contention is unsupportable.

For these reasons, the Court grants plaintiffs' motion to strike [docket no. 69]. The Court bars defendants from offering testimony (live or by affidavit) from Dr. Sven Anders and Dr. Hilke Andresen at trial or any hearing or in connection with any motion.

s/ Matthew F. Kennelly
MATTHEW F. KENNELLY
United States District Judge

Date: July 20, 2012